IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH ALFRED O'TOOLE,

Plaintiff,

v.                                              No. CIV-2007-00764-BB/RLP

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, DAVID BECK,
WILBUR BERGQUIST, MARK LEDOUX,
STEVEN GIRRENS, ROBERT GRACE,
and DAVID MARTIN,

Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS COUNT III

Defendants The Regents of the University of California (the "University") file
this memorandum in support of their Motion to Dismiss Count III of the Complaint
because the Court lacks jurisdiction over this claim under the Energy Reorganization Act.
Count III alleges a violation of Plaintiff's rights under 42 U.S.C. § 5851; however,
Plaintiff never filed a complaint under 42 U.S.C. § 5851, but rather Plaintiff proceeded
under 10 C.F.R. Part 708, a similar but different remedy that provides procedures for
processing complaints by employees of DOE contractors. 10 C.F.R. § 708.1. Because
Plaintiff did not proceed under 42 U.S.C. § 5851, he cannot now bring a court action
alleging a violation of rights under that statute. Because Plaintiff failed to pursue the
remedies provided by 10 C.F.R. Part 708, he cannot bring a claim under that regulation.

### A.     Statement of Undisputed Material Facts

1.      Plaintiff filed what is known as a 10 C.F.R. Part 708 complaint with the
Department of Energy against his employer alleging retaliation. *See Report of*

Investigation, page JOT00496.001, Exhibit A, to Affidavit of Carol B. Jerabek. ("Mr. Joseph O'Toole ("the Complainant") filed a complaint against his employer, Los Alamos Security, L.L.C. ("LANS"), pursuant to the Department of Energy (DOE) Contractor Employee Program, 10 C.F.R. Part 708.).

2.      Plaintiff, through his attorney, contacted the DOE hearing Office and informed him that Mr. O'Toole filed suit concerning matters relevant to Mr. O'Toole's 10 C.F.R. 708 complaint and requested that the 10 C.F.R. 708 complaint be dismissed. *See* Letter of Alexander Wold, Exhibit B to Carol B. Jerabek Affidavit.

3.      On June 28, 2007, the hearing officer dismissed the 10 C.F.R. Part 708 complaint. *See* Letter of Steven L. Fine, Exhibit C to Carol B. Jerabek Affidavit.

4.      Mr. O'Toole did not file a complaint with the Department of Labor pursuant to 42 U.S.C. § 5851. Jerabek Affidavit, ¶ 6.

**B. Argument**

      **1.      The Energy Reorganization Act**

            **a.      The Statutory Scheme**

Count III attempts to state a claim against the University under Section 210 of the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851, which is an anti-retaliation statute that protects nuclear workers. Section 5851 provides that no employer can discriminate against an employee because the employee has notified the employer of a violation of the ERA. Section 5851(b) establishes procedures for an employee to follow if he believes he has been discriminated against. Basically, the employee files a complaint with the Secretary of Labor. The Secretary then conducts an investigation. 42

U.S.C. 5851(b)(2)(A). After the investigation is completed, the Secretary issues an order either granting relief prescribed by the statute or denying the complaint. *Id.*

There are statutorily prescribed forms of court review of alleged violations of the ERA. First, any person who is adversely affected or aggrieved by an order may obtain review of the order in the United States Court of Appeals for the circuit in which the violation allegedly occurred. 42 U.S.C. § 5851(c)(1). An order of the secretary shall not be subject to any other judicial review in any other civil proceeding. 42 U.S.C. 5851(c)(2). The only other form of court action authorized by the statute is enforcement of the order. If an order is issued on behalf of a person and if the employer against whom the order is issued refuses to comply, then the person may commence a civil action to require compliance. 42 U.S.C. § 5851(e)(1).

The ERA is a statute that sets forth a particular remedy for violation of the Act. The Act does not create an independent cause of action. The Act has its own procedures and remedies. A person who believes that Act has been violated is limited to seeking an order from the Secretary of the Department of Labor and then appealing that order if aggrieved by the Secretary's decision or suing to enforce the Secretary's order if his employer refuses to comply.

b.    **Plaintiff Failed to Comply with Statutory Procedures**

Plaintiff in Count III does not mention any actions on Plaintiff's part to comply with the procedures set forth in the ERA. Plaintiff did not file a complaint under 42 U.S.C. § 5851; he did not file a complaint with the Department of Labor.

**c.    Plaintiff's Remedy under the ERA Is Administrative; No Private Right of Action Is Created by the ERA.**

The ERA sets forth an administrative remedy with a limited role for courts. It does not establish an independent right of action. *Gaballah v. PG&E*, 711 F. Supp. 988, 992 (N.D. Cal. 1989), stated:

> In section 210 [42 U.S.C. § 5251(b)], Congress created a federal remedy for retaliation against whistleblowers. However, this remedy is administrative, providing only for investigation by the Secretary of Labor.

Because of the administrative nature of the remedy, *Gaballah* reasoned no federal question is stated because the federal law does not provide for a private right of action. *Id.* *See also English v. General Elec. Co.*, 496 U.S. 84, 87 (1990) ("On its face, the section [210] does no more than grant a federal administrative remedy to employees in one industry against one type of employment discrimination – retaliation for whistle-blowing.").

**d.    The Secretary of Labor has Exclusive Jurisdiction to Determine Whether the ERA Has Been Violated.**

The doctrine of exclusive jurisdiction applies to preempt a court from acting when Congress has given an administrative agency exclusive jurisdiction to determine a claim. In this case, a reading of Section 210 reveals that Congress created a remedy that would be rendered by the Secretary of Labor with limited forms of judicial review. The statutory scheme grants the Secretary the exclusive jurisdiction to determine if the statute has been violated. In this regard, it is much like the situation faced by the Tenth Circuit in *Carolina Cas. Ins. Co. v. Pinnacol Assurance*, 425 F.2d 921, 929 (10th Cir. 2005) (recognizing that Colorado has created an administrative system for resolution of

worker's compensation cases and that the administrative jurisdiction is exclusive and the Court could not grant compensation).

### 2. 10 C.F.R. Part 708 – DOE Contractor Employee Protection Program

While Plaintiff cites to 42 U.S.C. § 5851 in his Complaint, it is possible that he is attempting to make a claim under 10 C.F.R. Part 708[1] since this is the regulation under which he filed an administrative complaint. No such claim will lie.

10 C.F.R. Part 708 provides procedures for processing complaints by DOE contractor employees alleging retaliation. 10 C.F.R. § 708.1. Part 708 contains detailed procedures for investigations, initial determinations, appeal, and secretarial review. In fact, Plaintiff began the complaint process under 10 C.F.R. Part 708, but he requested that the complaint be dismissed. Facts 2, 3 *supra*.

10 C.F.R. § 708.15 states:

> (a) You may not file a complaint under this part if, with respect to the same facts, you choose to pursue a remedy under State or other applicable law . . . .
> (d) If you file a complaint under State or other applicable law after filing a complaint under this part, your complaint under this regulation will be dismissed under § 708.17(c)(3).

By requesting that his 10 C.F.R. § 708 complaint be dismissed, Plaintiff has foregone the right to enforce whatever remedies he had under that regulation. While he may pursue his other remedies, he cannot pursue a claim under this regulation.

10 C.F.R. Part 708 is not intended to present a basis for a cause of action. It was intended as a broad mechanism for mediating disputes between DOE contractors and their employees, and its mechanisms are not available to employees who bring actions under state or other applicable laws. *See Blackford v. Battelle Memorial Institute*, 57

---

[1] The 10 C.F.R. Part 708 regulations are not adopted pursuant to 42 U.S.C. § 5851. *See* Authority for 10 C.F.R. Part 708, p. 312.

F.Supp.2d 1095, 1101 (E.D. Wash. 1999) (interpreting prior version of 10 C.F.R. Part 708).

Further, to allow Plaintiff to bring a claim for a violation under 10 C.F.R. Part 708 when he bypassed all administrative remedies that might have resolved his complaints would violate principles of exhaustion and ripeness. Plaintiff voluntarily dismissed his complaint at the Department of Energy after receiving the investigative report but before a hearing could be held and before a determination was made. Plaintiff then filed suit. Under such circumstances the issue of whether 10 C.F.R. Part 708 has been violated is not ripe for review. Ripeness affects the court's subject matter jurisdiction. *Park Lake Resources LLC v. United States Dept. of Agriculture*, 197 F.3d 448, 450 (10th Cir. 1999) (citing *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732 (1998) ("case not justiciable if not ripe for review").

*Park Lake* recognized a two part test for ripeness: (1) the fitness of the issues for judicial decision and (2) the hardship caused to the parties if review is withheld. *Id.* As to the first, a vital aspect is whether the suit is challenging final agency action. *Id.* In this case, we have no substantive agency action because Plaintiff stopped the proceedings by having the case dismissed in favor of a civil lawsuit. Thus, Plaintiff has precluded DOE from arriving at a decision as to whether there was retaliation. There is no final action on the issue of whether there was retaliation.

The second prong regarding harm to the parties caused by withholding review is also not met in this case. In *Park Lake* the Forest Service declined to review Park Lake's mining plan due to litigation over the protected designation of the area where the mining claims were located. This declination due to litigation was different than a declination

because of the protected area designation.  As the Tenth Circuit said:  "Since Park Lane's claimed injury is not caused by the agency action it challenges, Park Lane has failed to show how it is harmed by withholding review of that action."  *Id.* at 452.  In much the same manner in this case, Plaintiff is not claiming to be aggrieved by DOE's action vis-à-vis his claim that he was retaliated against.  Therefore, it is difficult to see how Plaintiff has shown he would be harmed by not reviewing his 10 C.F.R. Part 708 claim.

Since the regulations provide comprehensive administrative remedies, DOE must have some expertise in determining whether contractors like the University were retaliating and what would be the best remedy if DOE found such retaliation.   Plaintiff's own conduct has deprived this Court of DOE's determination.  It is inconsistent with the regulatory scheme to allow Plaintiff to bypass DOE and raise a 10 C.F.R. Part 708 claim directly in court.

**C. Conclusion**

For the reasons given above, this Court has no jurisdiction to consider Count III of the complaint and accordingly, it should be dismissed.

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.


By /s/ Sarah M. Singleton, Attorney at Law
        Sarah M. Singleton
        P.O. Box 2307
        Santa Fe, NM 87504-2307
        (505) 982-3873
        (505) 982-4289 (facsimile)

Attorneys for Defendants The Regents of the University of California

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, I filed Defendants' Memorandum in Support of Motion to Dismiss Count III electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexander A. Wold, Jr. -- wold.alexander@gmail.com; alex@alexwold.com

/s/ Sarah M. Singleton, Attorney at Law
Sarah M. Singleton
Attorney for Defendants

8