IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH ALFRED O'TOOLE,

    Plaintiff,

vs.                            Cause No. CIV-2007-00764-BB/RLP

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, DAVID BECK,
WILBUR BERGQUIST, MARK LEDOUX,
STEVEN GIRRENS, ROBERT GRACE,
and DAVID MARTIN,

    Defendants.

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION AND MEMORANDUM TO DISMISS COUNT III

Defendants The Regents of the University of California file this reply brief in support of their Motion and Memorandum to Dismiss Count III. As discussed below, Plaintiff fails to state a claim upon which relief can be granted.

### ARGUMENT

Defendants filed a Motion and Memorandum to Dismiss Count III of Plaintiff's Complaint on the grounds that the whistleblower provisions of the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851 do not create a private right of action, but instead provide for exclusive jurisdiction for violations of the Act with the Secretary of Labor. Notably, the Tenth Circuit has explicitly recognized that the administrative procedures described in the ERA are an aggrieved employee's sole remedy for any alleged violations of the Act. *See Kansas Gas & Elec. Co. v. Brock*, 780 F.2d 1505, 1508 (10th Cir. 1985) ("[S]ection 5851 of the ERA states that the exclusive jurisdiction in employment discrimination matters is vested by Congress in the Secretary of Labor.").

Further, as discussed in greater detail below, this viewpoint has also been endorsed by a number of other jurisdictions. As such, Plaintiff's ERA claim is not properly before this Court.

In his Response, Plaintiff argues that Count III should not be dismissed because the ERA does not prohibit a cause of action in the district court for alleged violations of the Act or otherwise mandate that an administrative procedure be followed. (Pl.'s Mot., p. 4.) Plaintiff, however, wholly fails to cite any authority in support of his arguments. Moreover, as demonstrated below, Plaintiff's interpretation of the relevant statutory provisions is simply incorrect as a matter of law. Count III of Plaintiff's Complaint should therefore be dismissed.

### 1. Permissive Language in the ERA Does Not Create a Private Right of Action or Otherwise Provide For Jurisdiction in the Federal Courts

Without citing any supporting case law or other authority, Plaintiff baldly asserts in his Response that because the language in the ERA provides that "[a]ny employee who believes that he has been discharged or otherwise discriminated against . . . *may* . . . file . . . a complaint with the Secretary of Labor," that he was not required to file a complaint with the Secretary of Labor and could instead file a complaint in district court. (Pl.'s Mot., p. 2-3.) However, that Plaintiff "may" file a complaint with the Secretary of Labor under the ERA "does not, by itself, imply that jurisdiction is also authorized in federal district courts." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) (construing a similar statutory provision in the Whistleblower Protection Program of the Federal Airline Deregulation Act). Rather, "the 'may' language . . . merely confers authority on the Secretary of Labor to accept complaints from aggrieved employees." *Id.* at 1023. The question of whether federal district courts have jurisdiction to entertain

2

such claims is an entirely separate question. *See id.* Moreover, "it would make little sense to *require* an employee to file a complaint." *Snow v. Bechtel Const., Inc.*, 647 F. Supp. 1514, 1518 (C.D. Cal. 1986). Instead, the permissive language in the ERA simply indicates that an aggrieved employee may file a complaint if he or she so chooses; it does not support Plaintiff's argument that he was permitted to bypass the administrative remedy provided for in the Act.

In *Williams*, a former airline employee sued his employer alleging retaliatory discrimination stemming from a dispute involving issues of air safety—a purported violation of the Federal Airline Deregulation Act, 49 U.S.C. § 42121. *Williams*, 500 F.3d at 1020. Notably, like the statutory provisions at issue in the present case, the Federal Airline Deregulation Act provides that "[a] person who believes that he or she has been discharged or otherwise discriminated against . . . *may* . . . file . . . a complaint with the Secretary of Labor alleging such discharge or discrimination." *Id.* at 1022 (quoting 49 U.S.C. § 42121(b)(1)). Like Plaintiff, the plaintiff in *Williams* elected to sue his employer in district court rather than pursue the administrative remedies provided for in the statute. *Id.* at 1020.

In addressing the question of whether the federal district court had the jurisdiction over such claims in the first instance, the Ninth Circuit rejected the argument that the use of the permissive word "may" in the statute meant that aggrieved employees were not required to file a complaint with the Secretary of Labor, but could instead file their claims in federal district court. *Id.* In rejecting this argument, the court observed that the "[j]urisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* at 1022 (internal quotation marks and

citations omitted); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998). Thus, the mere fact that the statutory language was permissive rather than mandatory was not enough in itself to confer jurisdiction with the district court and was indeed irrelevant to the very question of jurisdiction. *See Williams*, 500 F.3d at 1022-23. Rather, where a statute does not expressly grant a private right of action in the federal district court, a federal court will only have jurisdiction if a private right of action can be implied from the statute. *Id.* at 1023.

Under the ERA, no such private right of action may be implied. *See id.* at 1023 (discussing the factors enumerated by the Supreme Court for determining whether there is an implied right of action under a statute). Indeed, Plaintiff does not argue in his Response that there is an implied right of action in the statute and likewise does not address any of the factors relevant to such a determination. Further, as indicated by the cases cited in Defendants' Memorandum and additional cases discussed below, it is widely recognized that there is simply no private right of action, express or implied, provided for in the whistleblower provisions of the ERA.

Although Plaintiff attempts in his Response to distinguish the cases cited by Defendants on the grounds that the cases do not squarely address the question of whether an employee may file a complaint in the district court under the ERA, it is nonetheless evident from these cases that the courts have recognized that the administrative provisions of the ERA are intended to be an aggrieved employee's sole recourse under the Act. *See, e.g., English v. Gen. Elec. Co.*, 496 U.S. 72, 87 (1990) ("On its face, the section does no more than grant a federal administrative remedy to employees in one

4

industry against one type of employer discrimination—retaliation for whistle-blowing."); *Gaballah v. PG & E*, 711 F. Supp. 988, 992 (N.D. Cal. 1989) (noting that the remedy for retaliation against whistleblowers under the ERA is solely administrative, "providing only for investigation by the Secretary of Labor").

This point has been recognized by a number of other courts as well. In *Garg v. Narron*, 710 F. Supp. 1116, 1118 (S.D. Tex. 1989), for example, the United States District Court for the Southern District of Texas recognized that because the ERA "expressly limits its remedy to an administrative claim," the court would lack jurisdiction over such a claim if it had been originally filed with the court. Similarly, the Tenth Circuit has also observed that it is "clear from the statutory language" that jurisdiction over ERA claims are vested with the Secretary of Labor. *See Kan. Gas & Elec. Co.*, 780 F.2d at 1510 (10th Cir. 1985); *accord Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 638 (2d Cir. 1989) (agreeing with the Fifth and Tenth Circuits that "the administrative remedy provided in Section 210 is exclusive"); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988) ("[T]he 'whistleblower' provisions expressly limit the remedy to an administrative claim with the Secretary."); *Norman v. MS Carriers, Inc.*, 741 F. Supp. 148, 150 (W.D. Tenn. 1990) (recognizing that the administrative procedures described in the ERA are an aggrieved employee's sole remedy for violations of the Act). Based on the above authority, it is apparent that the whistleblower provisions of the ERA do not create a private right of action in the district court and that Plaintiff's argument regarding the permissive language with the Act is misplaced.

## 2. The Nonpreemption Provisions of the ERA Do Not Create a Private Right of Action or Otherwise Provide For Jurisdiction in the Federal Courts

Plaintiff also asserts, without any supporting authority, that because the ERA provides that it "may not be construed to expand, diminish, or otherwise affect any right otherwise available to an employee under Federal or State law to redress the employee's discharge," that he is permitted to seek a different remedy under the ERA than the administrative procedure described therein. (Pl.'s Mot., p. 3.) However, as evidenced from the title of this subsection, the subsection merely indicates that the ERA's whistleblower provisions are not intended to preempt any other Federal or State law claims that an aggrieved employee may have. Federal preemption is an entirely different question altogether and is certainly not one before this Court in the present motion. *See Charval v. Eastern Ohio Reg. Wastewater Auth.*, 246 F.3d 607, 614 (6th Cir. 2001) (observing that the issue of federal preemption is a different question from whether a statute's enforcement mechanisms will preclude suit in federal court). As such, this subsection cannot be construed as granting this Court jurisdiction over ERA claims.

## 3. Conclusion

As discussed above and in Defendants' Memorandum in Support of its Motion to Dismiss Count III, there is no private right of action for violations of the whistleblower provisions of the ERA. As such, this Court lacks jurisdiction to entertain such a claim. Plaintiff's arguments to the contrary are simply not well founded. This Court should therefore dismiss Count III of Plaintiff's Complaint.

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.


By /s/ Sarah M. Singleton, Attorney at Law
  Sarah M. Singleton
  Post Office Box 2307
  Santa Fe, New Mexico 87504-2307
  (505) 982-3873
  (505) 982-4289 – facsimile

Attorneys for Defendants, The Regents of
the University of California

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007, I filed Defendants' Reply Brief in Support of its Motion and Memorandum to Dismiss Count III electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Alexander A. Wolf, Jr. – alex@alexwold.com


  /s/ Sarah M. Singleton, Attorney at Law
  Sarah M. Singleton
  Attorney for Defendants