IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JOSEPH ALFRED O'TOOLE**,

        Plaintiff,

v.

No.6:07-CV-00764-BB

**THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, DAVID BECK,
WILBUR BERGQUIST,
MARK LEDOUX, STEVEN GIRRENS,
ROBERT GRACE,** and **DAVID MARTIN,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint for Lack of Jurisdiction **[Doc. 20]**. Defendants maintain that Plaintiff did not properly pursue the administrative remedies provided in 42 U.S.C. §5851, the statute upon which Plaintiff predicates Count III of his amended complaint, and thus the Court has no jurisdiction over that claim. The Court, having considered the motion, response, reply, and relevant law, and being otherwise fully informed, finds that the motion will be **GRANTED**.

**I. Background**

Plaintiff Joseph Alfred O'Toole filed a complaint which alleges violations of his first amendment rights and unlawful employer retaliation under federal and California law. Plaintiff, an employee of Los Alamos National Laboratories[1], alleges that he alerted several superiors to defects he perceived in the engineering business practices of the laboratory group responsible for nuclear weapons. [Amended Complaint at 3-4]. He claims that in retaliation for his report regarding the substandard practices, he was involuntarily transferred to a different work group,

---

[1]Los Alamos National Laboratories is run by the University of California.

was given menial work below his ability level, and was moved to a substandard work location. [Amended Complaint at 5-6].

In Count III of his complaint, Plaintiff alleges Defendants denied his rights under the Energy Reorganization Act (ERA), 42 U.S.C. §5851, to speak on matters of alleged violations of the ERA and the Atomic Energy Act of 1954 without suffering adverse employment consequences. Defendants maintain that the Court has no jurisdiction over the claim brought under 42 U.S.C. §5851 and thus this Count must be dismissed.

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

*A. Standard of Review*

"Rule 12(b)(1) motions generally take one of two forms." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may (1) facially attack the allegations of the complaint as to the existence of subject matter jurisdiction or (2) go beyond the allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *Id.* Where a moving party makes a facial attack on the complaint as to the existence of subject matter jurisdiction, the district court must accept the complainant's allegations as true. *Id.* In the alternative, where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Defendants provide a significant amount of evidence with their motion, thus bringing an attack on the factual basis for subject matter jurisdiction.

*B. Jurisdiction over 42 U.S.C. §5851*

Plaintiff claims in Count III that Defendants violated 42 U.S.C. §5851. Congress added 42 U.S.C. §5851 to the ERA, in response to concerns that employees in the nuclear industry who chose to disclose their employers' allegedly illegal acts might be subject to discriminatory retaliation. *See* S. Rep. No. 95-848, 95th Cong., 2nd Sess. 29 (1978). Defendants maintain that the statute creates an administrative remedy, and gives exclusive jurisdiction over that remedy to

the Secretary of Labor. Plaintiff maintains that the use of the word "may" in the statute is permissive, allowing Plaintiff to either follow the statute's administrative remedy or bring a private action. Title 42 U.S.C. §5851 (b) states "[a]ny employee who believes that he has been discharged or otherwise discriminated against by a person in violation of subsection (a) of this section **may**, within 180 days after such violation occurs, file (or have any person file on his behalf) a complaint with the Secretary of Labor...alleging such discharge or discrimination." (emphasis added).

Notwithstanding Plaintiff's creative interpretation of the word "may," it seems clear that the plain language of the statute as well as Tenth Circuit precedent support Defendants' contention that the statute has created an administrative remedy with limited judicial review and enforcement. The statute allows employees to file a complaint with the Secretary of Labor, and the Secretary of Labor has the responsibility for investigating the complaint. 42 U.S.C. §5851(b). Should an individual feel dissatisfied with the outcome of this investigation, the statute provides for review by a United States Circuit Court of Appeals. 42 U.S.C. §5851(c). The statute also creates an opportunity to bring suit in a United States District Court, but only when a party has failed to comply with an order issued by the Secretary of Labor. 42 U.S.C. §5851(d). The Tenth Circuit confirmed the exclusivity of the administrative remedy for violations of 42 U.S.C. §5851 in *Kansas Gas and Electric Company v. Brock*, 780 F.2d 1505, 1508 (10th Cir. 1985), which noted "section 5851...states that exclusive jurisdiction in employment discrimination matters is vested by Congress in the Secretary of Labor." *See also Norman v. Niagara Mohawk Power Corp.,* 873 F.2d 634, 637 (2d Cir. 1989) (noting that the Fifth and Tenth Circuits have interpreted the administrative remedy created in §5851 as exclusive).

Under the statutory scheme created by §5851 this Court may take jurisdiction over a claim brought under §5851 only after the Secretary of Labor has gone through its investigative process, issued an order, and one of the parties has not complied with that order. Defendants provide ample evidence of Plaintiff's pursuit, and then abandonment of a different administrative remedy provided under 10 C.F.R. §708.1-§708.40,[2] but Plaintiff makes no allegations and

---

[2]Under the alternative remedy provided in 10 C.F.R. §708.1-§708.40, Plaintiff filed a complaint as a Department of Energy contractor with the Department of Energy [Defendants

provides no evidence of any pursuit of a remedy under §5851, apart from his claim in Count III of his complaint. Nor does he provide any order issued by the Secretary of Labor which Defendants have defied. As such the Court has no jurisdiction over the claim alleged in Count III, and the Count must be dismissed.

**O R D E R**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the Motion to Dismiss Count III of Plaintiff's Amended Complaint [Doc. 20] be, and hereby is, GRANTED.

Dated this 31st day of January, 2008.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

---

Motion to Dismiss Appendix 3]. Plaintiff chose not to pursue the full extent of the administrative remedy provided under that regulation, however, choosing instead to pursue a remedy under State or other applicable law. 10 C.F.R. 708.15 ("If you file a complaint under State or other applicable law after filing a complaint under this part, your complaint under this regulation will be dismissed under §708.17(c)(3).").