IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ALFRED O'TOOLE,

    Plaintiff,

v.                                        Civ. No. 07cv764 BB/RLP

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel. Plaintiff argues that the answers to his interrogatories and requests for production of documents are insufficient or incomplete. He also wants all Defendants to submit a certificate that the interrogatories were answered under oath.

The Court has reviewed the answers to interrogatories. All of them were answered. Even when an objection was made, the interrogatory was answered. Plaintiff may not like the answers and may believe there is more information, but that is speculative and the Court cannot compel a party to provide another answer.

Two of the Defendants assisted in providing answers to the interrogatories. Those two Defendants signed Verification forms. Federal Rule 33 does not require parties who did not answer interrogatories to sign a verification under oath.

With regard to the requests for production of documents, Plaintiff believes that Defendants have failed to "search earnestly" for responsive documents. The Court cannot require Defendants to produce what they say they do not have. Plaintiff also objects to some of the redactions that were made on produced documents. The Court is unsure as

to what exactly the objection is on the redacted documents.  Plaintiff seems to be arguing that the redactions cannot be covered by the attorney client privilege as indicated by Defendants, but he poses no more than speculation that this is so.

All parties are under a continuing duty to supplement their discovery responses, whether they be answers to interrogatories or documents.  When a party finds that he or she has given incomplete or incorrect responses, the failure to supplement may adversely impact that party.  Other than reminding the parties of their continuing duty to supplement, the Court cannot, under the facts herein, insist on different discovery responses.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 42] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge