IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ALFRED O'TOOLE,

    Plaintiff,

v.                                        Civ. No. 07-00764 BB/RLP

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Compel of Defendant Regents of the University of California (Defendant or Regents). Defendant asserts that Plaintiff's responses to four interrogatories are incomplete and wants the answers stricken and the Plaintiff ordered to submit proper responses to the discovery. The Court denies the Motion insofar as "striking" any responses, but otherwise grants the motion.

Interrogatory No. 8 asked Plaintiff about the amount of monetary damages he is claiming and his method of calculating damages. Plaintiff responded that he had not yet "developed" this information, which he would do after discovery was completed.

Federal Rule of Civil Procedure 26(a)(iii) requires as an initial disclosure "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." The intent is that one who claims monetary damages must have some idea of the amount of damages that he alleges. When asked in the interrogatory, as a follow up to the required initial disclosures, Plaintiff cannot merely say he is waiting until after

discovery.  Defendant is entitled to know what information he currently has and Plaintiff is reminded of his continuing duty to supplement in a timely manner.  Fed.R.Civ.P. 26(e)(1)(A) & (B).  Plaintiff shall answer Interrogatory No. 8 with as much detail as he currently possesses.

Interrogatories 10, 11 and 13 all request specific information concerning Plaintiff's claims of retaliation, any adverse employment action he suffered, and his contention that he was speaking out on a manner of public concern, respectively.  Each interrogatory sought all facts, all individuals with knowledge and all documents relating to the allegations.  Upon submission of his amended answers to interrogatories, Plaintiff asserted various objections.  This last issue is addressed first.

Because these objections were untimely, they are waived.  *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005).  The waiver also applies for supplemental responses.  *Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 670 & n.1 (C.D. Calif. 1998) (citing *Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D. Kan. 1997) and *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984).

Instead of responding clearly and concisely, Plaintiff copied extensive paragraphs from his stricken complaint.[1]  The Court has reviewed Plaintiff's responses and agrees they are not responsive to the interrogatories.  Plaintiff shall answer each interrogatory with the facts he possesses.  If the information is to be found in a document already produced, he shall identify the document with specificity and also identify with specificity to which interrogatory the document refers.  If the document has not yet been produced, he shall

---

[1] *See* Order Granting Defendant's Motion to Strike Complaint [Doc. 17].

attach the document with his answers. If Plaintiff does not know some of the information asked, he shall state that he does not know. *See Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295 (D. Kan. 1996).

When Plaintiff submits his answers to the interrogatories, he shall also serve his verification or affidavit as required by Fed.R.Civ.P. 33.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Non-Responsive Answers and to Compel Responses to Defendant's First Set of Interrogatories and Requests for Production [Doc. 47] is denied in part and granted in part as stated herein; and

IT IS FURTHER ORDERED that Plaintiff shall have until **May 5, 2008** to submit his verified answers to interrogatories as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge